[Civ. No. 60699. Second Dist., Div. Two. Oct. 29, 1982.]

CUSTOM CRAFT CARPETS, INC., et al, Plaintiffs and Appellants, v. LYNN MILLER, as Deputy City Attorney, etc., et al., Defendants and Respondents.

COUNSEL

Robert F. Mann for Plaintiffs and Appellants.

Ira Reiner, City Attorney, Thomas C. Bonaventura, Senior Assistant City Attorney, Pedro B. Echeverria, Assistant City Attorney, George Deukmejian, Attorney General, and Ronald A. Reiter, Deputy Attorney General, for Defendants and Respondents.

OPINION

THE COURT.*—On December 16, 1981, we filed our opinion in this matter, a copy of which is appended hereto. Subsequently the Supreme Court granted a

*Before Roth, P. J., Compton, J., and Beach, J.

hearing. Thereafter two events transpired. (1) The Supreme Court filed its opinion in the case of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179], and (2) the Supreme Court retransfered this case to this court with instructions to reconsider in light of the decision in *In re Marriage of Flaherty*.

Following the teaching of *In re Marriage of Flaherty,* this court on September 2, 1982, notified the parties that it still considered the previous appeal to be frivolous for the reasons set forth in the prior opinion and requested the parties to respond in writing to the issue of sanctions and to appear for oral argument and hearing on October 19, 1982.

Written briefs were filed by both sides and the matter came on for hearing on the appointed date. Extensive argument was presented by both sides and the matter was then taken under submission.

It is important to note that in responding to our notice of September 2, 1982, and at the hearing in open court appellant was represented by counsel other than the one who perfected the original frivolous appeal.

It is further important to note that a factor contributing to our original conclusion that the entire litigation in this case, including the appeal, was vexatious, frivolous and a sham, was the slipshod and inarticulate nature of the pleadings in the trial court and the brief on appeal.

In response to our notice of September 2, 1982, present counsel filed a brief in which he vigorously and professionally argues the merits of the appeal. He also vigorously and capably reargued the merits of the appeal at the hearing. We commend him on his advocacy.

While it is true that the Supreme Court's granting of a hearing in this case had the effect of vacating our previous opinion in its entirety, requiring us to again treat the merits of the appeal as well as the issue of its frivolous nature and the appropriate sanctions, it is our opinion that we must base our decision on what was presented to us at the time the appeal was initially before us.

We view the actions of the Supreme Court in granting a hearing and the retransfering of the matter to us with directions to reconsider in light of the *In re Marriage of Flaherty* opinion, as focusing our attention on the procedural steps and due process considerations in imposing sanctions. Hence our starting point in these proceedings is that the prior appeal was totally lacking in merit and frivolous.

Were we to simply treat this as a new appeal in which the merits are reconsidered the result would be that Custom Craft, the appellant, would have "two bites at the apple," simply as a result of our imposition of sanctions in the first appeal.

It seems clear to us that but for our imposition of sanctions in the first appeal, no hearing would have been granted by the Supreme Court and the judgment would have long since been final.

 For those reasons we now incorporate into this opinion all of our prior opinion except for the last sentence in which we imposed sanctions.

 Despite present counsel's valiant effort to persuade us that this litigation including the prior appeal contained the germ of an important and serious legal issue, albeit inarticulately and ineffectually pleaded and briefed, we continue in our firm belief that the entire matter from trial level to the appellate level was a sham designed to gain time for Custom Craft to continue its improper conduct.

All of the matters which present counsel now urges relating to the merits of this litigation, could and should have been raised in the action which was tried and in which the People prevailed.

Other than the contention that Custom Craft "really had something" in this case but failed to present it effectively, we have not been favored with any reason why our originally imposed sanctions should not be reimposed. Our prior opinion fully sets forth our findings and conclusions in that connection.

It is evident that our discussion in this matter has been critical of prior counsel. Without invading the attorney-client privilege, we have no available means of determining whether it was the client or counsel who was responsible for pressing this litigation and imposing on both the trial and appellate courts.

Perhaps the deficiency in the original pleadings and brief indicates that counsel was reluctantly attempting to serve a rapacious client. Perhaps not.

In any event, if the fault lies with counsel the client can obtain relief in another forum. Thus we conclude that the appropriate course of action is to impose the sanctions on the party—Custom Craft—which in the final analysis was the beneficiary of the delay and disruption which this litigation produced.

The judgment is affirmed. In addition to the usual costs on appeal, plaintiffs are ordered to pay to the City of Los Angeles and the State of California the sum of $5,000 each.

On November 26, 1982, the opinion was modified to read as printed above.