Filed 12/7/21  Ibbetson v. Grant CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRUCE IBBETSON et al., | |
| Plaintiffs and Respondents, | G059067 consol. with G059352 |
| v. | (Super. Ct. No. 30-2017-00958851) |
| WILLIAM GRANT et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeals from orders of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed.  Request for judicial notice.  Granted.

David B. Dimitruk for Defendants and Appellants.

Hall Griffin, George L. Hampton IV and Alyson M. Dudkowski for Plaintiffs and Respondents.

\*          \*          \*

This is our second opinion in this case. Two directors of a nonprofit public benefit corporation sued certain other directors and the corporation's executive director for allegedly engaging in self-dealing, breaching their fiduciary duties, misappropriating funds, and engaging in other financial misconduct. The defendants filed a special motion to strike the complaint under the anti-SLAPP (strategic lawsuit against public participation) statute, asserting the claims arise from protected activity. The trial court denied their anti-SLAPP motion, finding the "claims arise from alleged misappropriation and malfeasance, not any protected conduct." The defendants appealed, and in our previous opinion, we affirmed the order denying their motion.

The plaintiffs filed two motions to recover the attorney's fees they incurred in opposing the defendants' anti-SLAPP motion and first appeal. The trial court granted both motions, finding the defendants' anti-SLAPP motion and appeal were frivolous, and it awarded the plaintiffs approximately $83,000 in attorney's fees. In the present appeal, the defendants challenge those fee orders. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

A. *The Parties' Dispute*

As detailed in our prior opinion (*Ibbetson v. Grant* (Aug. 28, 2019, G056722) [nonpub. opn.]), the Newport Aquatic Center (NAC) is a nonprofit public benefit corporation that offers water sports services and programs to the public from an 18,000 square-foot boathouse facility in Newport Beach. It is managed by a board of directors. At the time this lawsuit was filed, those directors included plaintiffs Bruce Ibbetson and Donna Warwick (collectively, Plaintiffs), and defendants William Grant, Jon Van Cleave, and James Netzer. The NAC's Executive Director is defendant William Whitford, who manages the NAC's day-to-day business operations.

In 2015, some parents of children enrolled in the NAC's junior rowing program raised concerns about an apparent lack of financial transparency and financial

2

mismanagement by Whitford and the NAC's board of directors. The alleged problems included approximately $200,000 in missing cash, $150,000 in unreported debt, and conflicting financial statements.

In response to these concerns, Plaintiffs retained an accountant to review the NAC's books and records from 2011 to 2016. The accountant's report, which was presented to the NAC board of directors in mid-2017, identified potential operational inefficiencies, potential misuses of junior rowing program funds and donated funds, a possible misuse of NAC credit cards, and other causes for concern, and recommended the board conduct further investigation. According to Plaintiffs, their fellow NAC board members — Grant, Van Cleave, and Netzer — refused to take action in response to these issues and resisted Plaintiffs' subsequent attempts to investigate the NAC's books and records.

B.     *The Complaint, Defendants' Anti-SLAPP Motion, and Our First Opinion*

In late 2017, Plaintiffs filed a verified complaint against Grant, Van Cleave, Netzer, and Whitford (collectively, Defendants), asserting 10 causes of action based on Defendants' alleged financial misconduct: (1) misappropriation of funds and conversion; (2) aiding and abetting misappropriation of funds and conversion; (3) breach of fiduciary duty; (4) aiding and abetting breach of fiduciary duty; (5) violation of Penal Code section 496, subdivision (a) (receiving or concealing stolen property); (6) self-dealing; (7) appointment of a receiver; (8) mandatory injunctive relief removing directors from the board; (9) mandatory injunctive relief enjoining Whitford from the NAC's premises; and (10) mandatory injunctive relief declaring the NAC bylaws invalid.[1]

Defendants responded with a special motion to strike the complaint, asserting the "lawsuit arises from [their] exercise of free speech and petition rights." (See

---

[1]     The complaint also named various others as defendants, but they are not parties to this appeal.

Code Civ. Proc., § 425.16.[2])  In their motion, Defendants asserted the complaint arises from protected activity because (1) Defendants discussed and debated the accuracy of the accountant's report at public NAC board meetings and (2) Defendants publicly resisted Plaintiffs' efforts to acquire control of the NAC.

The trial court denied Defendants' anti-SLAPP motion, finding Plaintiffs' "claims arise from alleged misappropriation and malfeasance, not any protected conduct."  The court noted that although it was a "close call" whether the case involved a public issue or an issue of public interest, the complaint is not based on any protected conduct.  In the court's words, "The claims arise from alleged misappropriation and malfeasance, not any protected conduct."

Defendants appealed the trial court's order denying their anti-SLAPP motion.  A different panel of this court affirmed the order in August 2019, finding "Defendants failed to make a threshold showing that Plaintiffs' claims arise from any protected conduct by Defendants.  Instead, the patent gravamen of Plaintiffs' complaint is Defendants' alleged mismanagement of the NAC, their alleged theft of NAC assets, their alleged self-dealing, and their alleged misuse of NAC property for their personal gain.  That is immediately evident from both the factual allegations and the particular causes of action in the complaint."

We rejected Defendants' argument that they engaged in protected activity by participating in public discussions about the accuracy of the accountant's report.  As we explained, "Plaintiffs sued Defendants for corporate looting, theft, misappropriation, and malfeasance, not for denying or disputing whether the alleged misconduct occurred.  Again, we must "'distinguish between (1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based on* speech or petitioning activity.  Prelitigation communications . . . may provide evidentiary support for the complaint

---

[2]     All further undesignated statutory references are to this code.

4

without being a basis of liability.'" [Citation.] That was precisely the case here." We added: "'What matters at this stage is whether defendants are being sued for exercising their right to petition or speak on an issue of public interest.' [Citation.] The trial court properly found they were not."

We also rejected Defendants' argument that the exercise of their business judgment, that is, their decision not to address the allegations of corporate looting, constituted protected activity. As we explained, "Inaction is not speech. If it were, all claims based on a defendant's inaction or breach of duty could be stricken under the anti-SLAPP statute, and that is certainly not the case. [Citations.] [¶] To be sure, 'the right of free speech protects both actual verbal communication and expressive, nonverbal conduct' and can even 'extend to nonexpressive conduct that intrinsically facilitates the exercise of free speech, such as using public streets, attending public hearings and trials, and lawfully gathering information about public officials and matters of public concern.' [Citation.] But it does not extend to a defendant's alleged exercise of his or her 'business judgment' in deciding to do nothing about allegations of corporate looting and malfeasance. 'The point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights.' [Citation.] Conversely, the point of the anti-SLAPP statute is not to shield a defendant from unrelated allegations of theft and malfeasance."

During that first appeal, Plaintiffs asked us to impose sanctions against Defendants for filing a frivolous appeal. We denied their request because it was procedurally defective. (See Cal. Rules of Court, rule 8.276 [separate motion with

5

supporting declaration required].)  We did not consider the question of frivolity on the merits.[3]

C.    *Plaintiffs' Fee Motions*

In October 2018, while Defendants' first appeal was pending, Plaintiffs filed a motion to recover the attorney's fees and costs they incurred in opposing Defendants' anti-SLAPP motion, which they asserted was frivolous and solely intended to cause unnecessary delay.  (See § 425.16, subd. (c)(1) [prevailing plaintiff on anti-SLAPP motion shall recover fees under § 128.5 if the motion was frivolous or solely intended to cause unnecessary delay].)  Rather than providing attorney billing invoices in support of their motion, Plaintiffs provided a declaration by their counsel describing the work performed, time spent, and billing rates of the attorneys who opposed the anti-SLAPP motion.

After prevailing in the first appeal, and while their first fee motion was still pending, Plaintiffs filed a second motion in January 2020 to recover the attorney's fees they incurred in responding to Defendants' first appeal.  (See *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785 (*Dove Audio*) [appellate fees for frivolous anti-SLAPP motion are also recoverable under anti-SLAPP statute].)  As with their first fee motion, Plaintiffs supported their second fee motion with a declaration from counsel.

The trial court granted Plaintiffs' first fee motion in late January 2020, finding the anti-SLAPP motion was frivolous and ordering Defendants' counsel, David

---

[3]    Although the original version of our opinion awarded Plaintiffs their attorney fees on appeal under section 425.16, subdivision (c), that was a clerical error, which we later corrected by issuing a modified opinion.  As modified, our opinion in the first appeal did not award Plaintiffs their fees.

D. Dimitruk, to pay $40,659 for fees incurred in opposing the motion.[4] Several months later, the court granted Plaintiffs' second fee motion, ordering Defendants to pay Plaintiffs $42,128 for fees incurred in litigating the first appeal.

Defendants and their counsel appealed the fee orders. We consolidated their appeals.

While the appeals were pending, Plaintiffs dismissed various other defendants (none of whom are parties to this appeal). They later dismissed what remained of the complaint without prejudice.[5]

## DISCUSSION

A.  *Statutory Framework*

As we explained in our previous opinion, the Legislature enacted the anti-SLAPP statute to address "what are commonly known as SLAPP suits (strategic lawsuits against public participation)—litigation of a harassing nature, brought to challenge the exercise of protected free speech rights." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.) The statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

When evaluating a special motion to strike, the trial court engages in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If

---

[4]    The trial court's tentative ruling was to award attorney fees against Defendants. Per defense counsel's request, however, the court issued the fee award against defense counsel personally.

[5]    We grant Defendants' request for judicial notice of these dismissals.

7

the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

"If the court finds that [the] special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1); see § 128.5, subd. (a) [permitting court to order party "to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay"].) This provision is designed to "discourage[ ] [the filing of] unmeritorious strike motions." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1137.)

The imposition of sanctions for a frivolous anti-SLAPP motion is mandatory. (*Foundation for Taxpayer & Consumer Rights v. Garamendi* (2005) 132 Cal.App.4th 1375, 1388 (*Garamendi*).) "'Frivolous in this context means that any reasonable attorney would agree the motion was totally devoid of merit.'" (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 932.) A plaintiff who successfully opposes a frivolous anti-SLAPP motion can recover not only the fees incurred at the trial court level, but also any reasonable fees incurred on appeal. (*Dove Audio, supra,* 47 Cal.App.4th at p. 785.)

We review the trial court's finding that the anti-SLAPP motion was frivolous for abuse of discretion. (*Garamendi*, *supra*, 132 Cal.App.4th at p. 1394.) We review questions of law concerning the anti-SLAPP statute de novo. (*Rudisill v. California Coastal Com.* (2019) 35 Cal.App.5th 1062, 1070.)

8

B.    *The Trial Court's Conclusion That the Anti-SLAPP Motion Was Frivolous*

The trial court in this case found Defendants' anti-SLAPP motion and appeal were frivolous.  In its minute order on Defendants' first fee motion, the court explained:  "Plaintiffs showed defendants' anti-SLAPP motion was frivolous – that is, totally and completely without merit and brought in bad faith.  [Citations.]  [¶] For 25 years, case law [has been] clear that anti-SLAPP motions may challenge only causes of action that 'arise' out of protected conduct.  [Citations.]  [¶] Nearly nine months before defendants filed their motion, our Supreme Court reiterated:  'A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.]  Critically, "the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech."  [Citations.] "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute."'"

The trial court added:  "No reasonable attorney would have believed this complaint arose from protected conduct.  The face of the complaint shows it arises from the alleged mismanagement of a nonprofit organization, including self-dealing and theft. These acts are manifestly unprotected.  [¶] Any connection to any protected reports, meetings, or governmental overview is entirely incidental.  These connections made it a close call whether the dispute had garnered public attention.  But it was not a similarly close call whether the complaint arose from protected conduct.  [¶] Plaintiffs showed their requested attorney fees are reasonable.  [Citations.]  Defendants fail to show otherwise."

The trial court did not abuse its discretion.  An anti-SLAPP motion *only* lies if the act underlying the challenged claim was an act in furtherance of the right of petition or free speech; the mere fact an action was filed after protected activity took place is not enough.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060.)  In this case, the patent gravamen of Plaintiffs' complaint is that Defendants

9

mismanaged the NAC, engaged in self-dealing, and misused NAC property for their personal gain. None of that qualifies as protected conduct.

As we noted in our previous opinion, Defendants devoted much of their anti-SLAPP motion to establishing the "public" nature of the issues raised in the complaint, but they made little effort to explain how the case arises from speech or petitioning activity by Defendants. Although their motion briefly referenced the debates at NAC board meetings about the accountant's report, Defendants failed to explain how Plaintiffs' claims arise from those statements, and as we held in our previous opinion, those debates are not the basis for Plaintiffs' complaint.

Defendants insist Plaintiffs' claims "involve matters of a public interest as a matter of law[,] and that fact alone . . . precluded a finding of frivolousness." Defendants miss the point. It does not matter whether the challenged claims involve matters of public interest, because Defendants did not show the claims arose from protected activity. (See § 425.16, subd. (b)(1) [to be stricken, claim must have arising from defendant's act in furtherance of his right of petition or free speech]; *id.*, subd. (e) [defining protected activity].) The fact that the trial court thought it was a "close call" whether the case involved a public issue or issue of public interest was therefore immaterial.

Defendants also assert their arguments based on the business judgment rule — that they engaged in protected activity by exercising their business judgment not to respond to the allegations of financial misconduct — show their anti-SLAPP motion was not frivolous. We rejected Defendants' business judgment rule theory in our previous opinion, and for good reason: Defendants did not cite and we are not aware of a single California case holding or even suggesting that a director's inaction in response to allegations of financial misconduct constitutes protected activity under the anti-SLAPP statute. In the absence of any such authority, we cannot say the trial court abused its discretion in finding that theory to be frivolous.

10

For these reasons, we agree with the trial court that no reasonable attorney would have believed this complaint arose from protected conduct. "Given the continuous flow of unambiguous case law in the past decade[s], any reasonable attorney should be aware that a [complaint] that simply mentions incidental protected activity is not subject to the anti-SLAPP statute." (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 275.) The court's conclusion that Defendants' anti-SLAPP motion was frivolous was not an abuse of discretion. (See *ibid.* [affirming fee award to plaintiff based on frivolous anti-SLAPP motion and awarding fees on appeal where defendant's "legal arguments [were] equally devoid of merit"]; *Olive Properties, L.P. v. Coolwaters Enterprises, Inc.* (2015) 241 Cal.App.4th 1169, 1177 [affirming fee award to plaintiffs where challenged action did not arise out of protected activity and where anti-SLAPP motion "was clearly without merit"].)

C.     *Discovery-Related Issues*

Defendants alternatively argue the trial court abused its discretion in awarding fees without allowing Defendants the opportunity to conduct discovery about the reasonableness of Plaintiffs' fees. Defendants were precluded from conducting discovery while the first fee motion was pending because of the stay triggered by their first appeal (§ 916), and they were unsuccessful in obtaining Plaintiffs' counsel's billing records via discovery while the second fee motion was pending. According to Defendants, they should have had an opportunity to obtain those billing records so they could establish Plaintiffs had acted with "unclean hands" in seeking their fees, and the court abused its discretion in ordering fees without affording them that opportunity.

Defendants' arguments are without legal basis. "Defendants' appeal of the order denying the special motion to strike did not divest the trial court of jurisdiction to consider plaintiff[s'] motion for attorney fees and costs." (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461.) Moreover, Defendants' inability to obtain Plaintiffs' counsel's time records in discovery did not bar the court from awarding fees;

11

as we have previously observed, "an award of attorney fees may be based on counsel's declarations, without production of detailed time records." (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375; see *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396 ["verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous"].)  There is no abuse of discretion.

D.     *Notice and Safe Harbor Issues*

Defendants next assert the trial court should have denied Plaintiffs' fee motions because their notices did not explain the grounds on which sanctions could be awarded.  (See § 128.5, subd. (c) [§ 128.5 sanctions "shall not be imposed except on notice contained in a party's moving or responding papers"].)

Defendants misrepresent the record.  The notices in support of both fee motions specifically cited sections 128.5 and 425.16 and explained the motions were being brought on the grounds that Defendants' anti-SLAPP motion was frivolous and solely intended to cause unnecessary delay.  This was more than adequate notice.  (See Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2021) ¶¶ 9:1092.1-9:1094.1, pp. 9(III)-24 to 9(III)-25 [collecting authorities and explaining notice under § 128.5 is adequate if it specifies against whom expenses are sought, type of expenses sought, and basis for request].)  In any event, Defendants waived any alleged notice defect by not objecting to the allegedly inadequate notice when they opposed the fee motions.  (*M. E. Gray Co. v. Gray* (1985) 163 Cal.App.3d 1025, 1034.)

Defendants alternatively contend the fee awards must be reversed because Plaintiffs did not satisfy the safe harbor requirements in section 128.5, subdivision (f)(1)(B), which provides that if the offending document can be withdrawn or corrected, sanctions may only be awarded if the party seeking sanctions serves a 21-day safe harbor

12

notice. According to Defendants, Plaintiffs should have given Defendants such a notice before the anti-SLAPP motion was heard in June 2018.

In *Changsha Metro Group Co., Ltd. v. Xufeng* (2020) 57 Cal.App.5th 1, 19, the Court of Appeal explained at length why section 128.5, subdivision (f)'s safe harbor provisions are inapplicable to requests for anti-SLAPP attorney's fees, which are instead governed by section 128.5, subdivisions (a) and (c). (Compare § 128.5, subd. (a) [governing the award of "reasonable expenses, including attorney's fees" incurred as a result of a party's frivolous tactics] and *id.*, subd. (f) [governing the award of "sanctions"].) We agree with that analysis. Plaintiffs were under no obligation to satisfy subdivision (f)'s safe harbor requirements.

E.      *Form of the Trial Court's Orders*

Defendants next contend the trial court's fee orders must be reversed because the court did not comply with section 128.5, subdivision (c), which requires that "[a]n order imposing expenses shall be in writing and shall recite in detail the action or tactic or circumstances justifying the order." Again, we disagree. Although an oral recitation of reasons for imposing sanctions would be insufficient, "'no more is required than a written factual recital, with reasonable specificity, of the circumstances that led the trial court to find the conduct before it sanctionable under the relevant code section.'" (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 555.) A minute order may satisfy these requirements. (*Ibid.*)

Here, the trial court's minute order on the first fee motion explained Defendants' anti-SLAPP motion was "frivolous – that is, totally and completely without merit and brought in bad faith," and then described its reasoning for that conclusion, citing case law and facts to support its order, as well as the statutes under which it awarded fees. The court's minute order on the second fee motion referenced its order on the first fee motion, Plaintiffs' counsel's declaration, *Dove Audio,* and other authorities. Nothing more was required.

13

F.      *Effect of the Dismissals*

Finally, Defendants make a series of arguments concerning the dismissals filed while this appeal was pending. According to Defendants, the dismissals require us to reverse the fee orders because the dismissals supersede the fee orders, show Defendants are the prevailing parties, show Plaintiffs waived the right to enforce the fee orders, and judicially estop Plaintiffs from enforcing orders. Defendants further assert an opinion by this court affirming the fee orders would be "simply void."

This is yet another frivolous argument. For the reasons stated in *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189, the dismissals do not restrict this court's ability to enforce the fee orders. Moreover, the dismissals do not invalidate the fee orders or negate Plaintiffs' right to recover their fees. It is well established that a plaintiff's voluntary dismissal of his complaint while an anti-SLAPP motion is pending has no impact on a party's entitlement to fees under section 425.16, subdivision (c)(1). (*Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 821 ["'resolution of the underlying action does not moot a fee request under the SLAPP statute'"]; *Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 879 ["when plaintiffs dismiss their cases before the trial court rules on the anti-SLAPP motion, the trial court continues to have jurisdiction over the case for purposes of deciding if the plaintiffs are responsible for attorney fees and costs"].) Accordingly, we see no reason why a dismissal *after* the anti-SLAPP motion is denied and declared frivolous would negate the plaintiff's right to fees. Indeed, a contrary rule would nullify the anti-SLAPP's fee provision and the policy reason for awarding fees — to discourage the filing of frivolous anti-SLAPP motions.

## DISPOSITION

The orders are affirmed.  Plaintiffs shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.