[Civ. No. 28462. Fourth Dist., Div. One. Aug. 26, 1983.]

GEORGIA RAY KARWASKY, Plaintiff and Appellant, v.
DELBERT E. ZACHAY et al., Defendants and Respondents.

**COUNSEL**

John Farrell Fay for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Judith L. Haller and Lamar B. Brown for Defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Attorney John Fay appeals an order imposing $250 sanctions against him.

Plaintiff Georgia Karwasky sued defendants Delbert Zachay and his employee Maurice Covington for her injuries in a fall at a trailer park owned by Zachay and managed by Covington. Karwasky alleged in her complaint Covington's wrongful acts were in the course of his employment and directed by Zachay.

 Attorney Judith Haller represented the defendants. Claiming Haller's representing Covington was adverse to Zachay, Karwasky asked the superior court to disqualify Haller as Covington's attorney. Karwasky also asked the court to order Zachay's insurer not to pay for Covington's defense. Asserting Karwasky's motion was frivolous and not in good faith, defendants noticed a motion for $900 sanctions under Code of Civil Procedure section 128.5. After hearing the court denied Karwasky's motion and ordered Karwasky's Attorney Fay to pay Haller $250 sanctions for making a frivolous motion in bad faith without basis in law.

Under Code of Civil Procedure section 128.5 subdivision (a), the court may order a party's attorney to pay reasonable expenses resulting from frivolous actions, including making motions without good faith. Fay contends the court abused its discretion in awarding sanctions here without evidence he acted in bad faith in seeking to disqualify Haller. He asserts mistaken legal judgment does not constitute bad faith. ■ However, a motion is frivolous and in bad faith where, as here, any reasonable attorney would agree such motion is totally devoid of merit. (See *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650 [183 Cal.Rptr. 508, 646 P.2d 179].) ■ In seeking to disqualify Haller, Fay alleged Haller had a conflict of interest in representing both defendants because Covington was Zachay's employee and acted on Zachay's orders. However, Fay made no showing whatsoever Haller had any such conflict. Fay presented no evidence and points to nothing in the record suggesting any such conflict existed. Further, Fay cited no authority the defendants' employment relationship without more created any conflict under the facts alleged here. Indeed, Fay admitted to the superior court the absence of any statutory or case law supporting the motion to disqualify Haller. Moreover, given Karwasky's allegations Covington's wrongful acts were in the course of his employment, Covington's liability, if any, may be imputed to his employer Zachay and covered by Zachay's insurer; indeed, Zachay may have the duty to indemnify Covington. (See Lab. Code, § 2802.)

In finding no conflict between Covington and Zachay precluding their representation by Haller, the court told Fay: "I think that the concept of good faith has to include the concept that motions are brought, based upon at least some statutory law, or based upon some case law, or at least is based upon some kind of a concept that has a logic or coherency to it, but yours has none of these." The court could properly find any reasonable attorney would agree a motion to disqualify Haller under the circumstances here was totally devoid of merit. The court acted within its discretion in awarding Haller sanctions against Fay.

Under Code of Civil Procedure section 128.5 subdivision (b), an order imposing sanctions must be in writing and "recite in detail the conduct or circumstances justifying the order." Fay contends the court's written order here does not specify such conduct or circumstances. However, in its written order the court cited section 128.5 subdivision (b) and said the motion to disqualify Haller as Covington's attorney and prohibit Zachay's insurer from defending Covington was frivolous, not made in good faith and without supporting basis in law. The court also said Karwasky had no standing to bring such motion. The court's written order listed in proper detail reasons justifying imposing sanctions against Fay.

The order is affirmed.

Cologne, J., and Staniforth, J., concurred.

A petition for a rehearing was denied September 23, 1983, and appellant's petition for a hearing by the Supreme Court was denied November 9, 1983.