[No. A103942. First Dist., Div. Two. June 22, 2004.]

THOMAS CORBETT, Plaintiff and Respondent, v.
HAYWARD DODGE, INC., Defendant and Appellant.

916

**COUNSEL**

Christa & Jackson, Laura K. Christa and Laurence Jackson for Defendant and Appellant.

Kinsey Consumer Law Center and Sharon L. Kinsey for Plaintiff and Respondent.

Opinion

**LAMBDEN, J.**—Hayward Dodge, Inc. (Hayward Dodge) appeals from the trial court's denial of its request for attorney fees pursuant to Civil Code section 1780, subdivision (d), following the court's granting its summary judgment motion against the fourth amended complaint of Thomas Corbett (Corbett). Hayward Dodge complains that the trial court applied a subjective standard of bad faith when the statute required an objective test of whether a reasonable attorney would have believed the claims had merit. Further, it argues the court should have awarded fees under either test. In addition, Hayward Dodge maintains that the court erred in placing the burden of proof on it. We reject Hayward Dodge's contentions and uphold the trial court's denial of fees.

## BACKGROUND

On April 17, 2000, Corbett, individually and on behalf of all others similarly situated, filed a complaint for damages and for an injunction against Bank of America, N.A., Bancamerica Auto Finance Corporation, Bank of America Corporation (collectively, Bank of America) and Hayward Dodge. He alleged fraud by concealment, intentional misrepresentation, contract interference, and violation of the Consumers Legal Remedies Act (CLRA), Civil Code section 1750 et seq. On May 19, 2000, Corbett filed a first amended complaint adding class allegations pursuant to the CLRA.

On August 27, 2001, the court denied without prejudice Corbett's motion for class certification for failure to set forth evidence in support of his motion and granted him leave to file his third amended complaint. Corbett filed his new pleading, adding a cause of action for violating the unfair competition law (UCL), Business and Professions Code section 17200 et seq.

The trial court refused to permit a class claim regarding the UCL claim, and Corbett filed a petition for peremptory writ of mandate in this court. We issued an order to show cause. In *Corbett v. Superior Court* (2002) 101 Cal.App.4th 649 [125 Cal.Rptr.2d 46] we reversed the lower court's ruling that Corbett could not, as a matter of law, pursue a class action for his UCL claim.

On January 7, 2002, Corbett filed a fourth amended complaint, which is the operative pleading, for damages and for injunctive and declaratory relief. He alleged that he purchased a motor vehicle under a five-year simple interest motor vehicle installment contract and security agreement, financed by Bank

of America. According to the pleading, Hayward Dodge arranged the financing. Corbett was unaware that Bank of America had approved his loan application at an interest rate of approximately 12.50 percent, but Hayward Dodge prepared the loan documents for an interest rate of 17.50 percent. Bank of America and Hayward Dodge shared the difference between the interest rate approved and the interest rate charged. Neither Bank of America nor Hayward Dodge disclosed any of this information to the consumer. Corbett alleged on behalf of himself and all other consumers who had similarly been harmed by this deceptive business practice causes of action for violating the CLRA, fraud, intentional interference with prospective contract, and violating the UCL.

Hayward Dodge demurred, and the court overruled the demurrer. In late 2002, the parties agreed that Corbett would dismiss with prejudice Corbett's claims of fraud and interference with contract claims. The parties agreed to waive claims for fees and costs as to these causes of action.

On December 31, 2002, Hayward Dodge filed a motion for summary judgment. The court granted the motion on March 11, 2003, finding that Hayward Dodge "made no affirmative misrepresentation in the loan application or purchase agreement. In the written disclosures, Hayward Dodge did not represent that the interest rate had been approved by the Bank of America or that the rate was the best possible. Hayward Dodge also disclosed to [Corbett] that it intended to assign the loan. [Corbett] does not recall any oral representations. . . ." The court ruled that Hayward Dodge did not have any duty to disclose a possible rebate from the bank or an assignment. In addition, the court noted that Corbett did not allege that Hayward Dodge represented that it would obtain the best available interest rate for the consumers and, even if such a claim were alleged, the court found that no written representations asserted this and Corbett did not recall any oral representations of this. The court entered judgment in favor of Hayward Dodge and against Corbett on May 16, 2003.[1]

Hayward Dodge moved for an award of attorney fees pursuant to Civil Code section 1780, subdivision (d). Hayward Dodge maintained that Corbett had no basis to allege misrepresentations. On July 31, 2003, the court denied the motion for fees finding that Hayward Dodge "must demonstrate that the action was brought or maintained in bad faith. [Corbett's] theory in this case was that [Corbett] negotiated with Hayward Dodge and Hayward Dodge

---

[1] It is unclear from the record before us whether litigation is still pending against Bank of America.

deceived [Corbett] regarding the efforts it would make on [Corbett's] behalf to obtain affordable financing." The court ruled that the pleading "stated a plausible claim against Hayward Dodge. Although the case may have been weak at all times, there is a distinction between weak cases that assert new theories and frivolous cases that are barred by established law. The Court notes that there is little authority concerning the interpretation of Civil Code § 1780(d) of the Consumer Legal Remedies Act. There is no authority dealing with the burden of proof, the appropriate standard of proof, or any elaboration of the meaning of 'good faith' in the context of prosecution of a lawsuit under Civil Code § 1780(d). Certainly, the public policy reflected in allowing a prevailing plaintiff to recover fees as a matter of right, and requiring a finding of the absence of good faith for a prevailing defendant to recover fees suggests that the [L]egislature did not want the specter of attorney fee liability to dissuade the bringing of CLRA actions, provided they are brought in good faith. This leads the court to conclude that the matter of discerning when litigation is not brought in good faith appears to be addressed to the sound discretion of the Court. As such, the court cannot say this matter was frivolous or entirely without merit, particularly when the law was evolving on significant issues during the course of the lawsuit."

On July 30, 2003, the court amended the judgment to award costs in favor of Hayward Dodge in the sum of $5,418.55. Hayward Dodge filed a timely notice from the order denying its request for attorney fees.

## DISCUSSION

Hayward Dodge requested attorney fees pursuant to Civil Code section 1780, subdivision (d). This provision provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." (*Ibid.*) The trial court denied the request for fees and Hayward Dodge contends that the trial court used an incorrect test and improperly imposed the burden of proof on it. We consider each of these arguments, as well as its contention that, under either test, it was entitled to fees.

### I. *Interpreting "Not in Good Faith"*

The trial court may award reasonable attorney fees "to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." (Civ. Code, § 1780, subd. (d).) The trial court applied a subjective bad faith test and Hayward Dodge contends it erred as

the court was required to use the standard of whether a reasonable attorney would not have found Corbett's claims meritorious.

The determination of the legal basis for an award of attorney fees is a question of law that we review de novo. (E.g., *Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595].) We are not aware of any court that has interpreted the meaning of "not in good faith" as used in Civil Code section 1780, subdivision (d), and therefore this is a question of first impression.

"[O]ur first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. . . . The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386–1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) " 'Rules of statutory construction require courts to construe a statute to promote its purpose, render it reasonable, and avoid absurd consequences.' " (*Ford v. Gouin* (1992) 3 Cal.4th 339, 348 [11 Cal.Rptr.2d 30, 834 P.2d 724].) Exceptions to the general provisions of a statute are to be narrowly construed; only those circumstances that are within the words and reason of the exception may be included. (*City of Lafayette v. East Bay Mun. Utility Dist.* (1993) 16 Cal.App.4th 1005, 1017 [20 Cal.Rptr.2d 658].)

Hayward Dodge contends that not acting in good faith is not the same as acting in bad faith. It argues that the Legislature enacted Code of Civil Procedure section 128.5 prior to its enactment of Civil Code section 1780, subdivision (d) and the former provides that "[e]very trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a).) Since the Legislature did not use "bad faith" language in Civil Code section 1780 and it did in Code of Civil Procedure section 128.5, Hayward Dodge argues that this establishes that the Legislature intended the standard for "bad faith" to differ significantly from "not in good faith." Hayward Dodge maintains that the "not in good faith" test is an objective test and that the court must award the prevailing defendant attorney fees whenever it is unable to discern the plaintiff's state of mind when prosecuting the CLRA claim.

Further, Hayward Dodge argues that courts interpreting Code of Civil Procedure section 128.5 have held that a claim is in good faith when reasonable attorneys agree it is meritorious (see *Karwasky v. Zachay* (1983) 146 Cal.App.3d 679, 681 [194 Cal.Rptr. 292]; *M. E. Gray Co. v. Gray* (1985) 163 Cal.App.3d 1025, 1034 [210 Cal.Rptr. 285]). Therefore, according to Hayward Dodge, a claim is not in good faith when reasonable attorneys agree the claim is not meritorious and the trial court erred when it did not apply this standard.

Hayward Dodge's argument is without merit. It is noteworthy that prior to its amendment in 1985,[2] Code of Civil Procedure section 128.5 authorized sanctions for "tactics or actions not based on good faith which are frivolous or which cause unnecessary delay. . . ." Thus, initially, the statute did contain the language of "not based on good faith" rather than in "bad faith." Courts interpreting this earlier version of the statute never suggested that the portion of the provision related to "actions not based on good faith" should require a finding of objective merit. Rather, all of the courts defined this portion as meaning subjective bad faith.

When citing *Karwasky v. Zachay, supra,* 146 Cal.App.3d 679 and *M. E. Gray Co. v. Gray, supra,* 163 Cal.App.3d 1025, for their holding a "motion is frivolous and in bad faith where . . . any reasonable attorney would agree such motion is totally devoid of merit" (*Karwasky, supra,* at p. 681), Hayward Dodge ignores that Code of Civil Procedure section 128.5, unlike Civil Code section 1780, subdivision (d), includes "frivolous" actions in the provision. The statute defines frivolous as meaning "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (Code Civ. Proc., § 128.5, subd. (b)(2).) Thus, courts have uniformly applied an objective standard to this term and found an action objectively frivolous "where it can be said that it 'indisputably has no merit,' such that 'any reasonable attorney would agree' that it is 'totally and completely without merit.'" (*Abbett Electric Corp. v. Sullwold* (1987) 193 Cal.App.3d 708, 713–714 [238 Cal.Rptr. 496].) Courts such as *Karwasky v. Zachay, supra,* 146 Cal.App.3d at page 681 and *M. E. Gray Co. v. Gray, supra,* 163 Cal.App.3d at page 1034, which authorized sanctions under section 128.5 upon a showing that the action was objectively frivolous *or* "not based on good faith" (see, e.g., *Winick Corp. v. County Sanitation District No. 2* (1986) 185 Cal.App.3d 1170, 1177 [230 Cal.Rptr. 289]; *Weisman v. Bower* (1987) 193 Cal.App.3d 1231, 1236 [238 Cal.Rptr. 756]; *Finnie v. Town of Tiburon*

---

[2] The statute was also amended in 1984 to apply this statute to judicial arbitrations.

(1988) 199 Cal.App.3d 1, 12 [244 Cal.Rptr. 581]), held a "motion is frivolous *and* in bad faith where . . . any reasonable attorney would agree such motion is totally devoid of merit." (*Karwasky, supra,* at p. 681, italics added.)[3] Accordingly, for those courts applying a disjunctive test—that is, applying the objective standard of frivolous or the subjective standard of bad faith— satisfaction of the objective test was sufficient to issue sanctions under Code of Civil Procedures section 128.5. In contrast, Civil Code section 1780, subdivision (d) does not include "frivolous" actions as a consideration for awarding attorney fees to prevailing defendants in CRLA actions.

Many courts have interpreted the change in language in the 1985 amend- ment to Code of Civil Procedure section 128.5 as clarifying that subjective bad faith is required prior to a finding of sanctions. (See, e.g., *Llamas v. Diaz* (1990) 218 Cal.App.3d 1043, 1047–1049 [267 Cal.Rptr. 427] [after analyzing legislative history of § 128.5 and its subsequent amendments, held that subjective bad faith finding is necessary]; *Javor v. Dellinger* (1992) 2 Cal.App.4th 1258, 1260–1262 [3 Cal.Rptr.2d 662]; *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1079–1080 [275 Cal.Rptr. 594]; but see, e.g., *On v. Cow Hollow Properties* (1990) 222 Cal.App.3d 1568, 1575 [272 Cal.Rptr. 535] [need to show meritless or frivolous action or tactic *or* bad faith in taking the action or tactic].) In any event, no case interpreting this statute prior to the 1985 amendment or after the 1985 amendment suggests that an objective test should be applied to a finding that the "tactics or actions [are] not based on good faith" or to a finding of "bad faith" actions or tactics.

■ Indeed, we are aware of no court that has interpreted any sanctions or attorney fees statute as holding that an action in bad faith or not in good faith requires the court to apply an objective test. Although cited by neither party, our courts' interpretation of Code of Civil Procedure section 1038 is instruc- tive. Section 1038, subdivision (a) authorizes an award of defense costs, including attorney fees to a public entity, where specified procedural require- ments are met and the trial court determines that the plaintiff brought the action without "reasonable cause" or without "the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint." When interpreting this provision, courts have explained that good faith, or its absence, involves a factual inquiry into the plaintiff's *subjective state of mind.* (E.g., *Knight v. City of Capitola* (1992) 4 Cal.App.4th 918, 932 [6 Cal.Rptr.2d 874] (*Knight*).) "Encompassed within

---

[3] Other courts have constructed the statute as authorizing sanctions only upon the showing of no merit *and* subjective bad faith. (See, e.g., *Abbett Electric Corp. v. Sullwold, supra,* 193 Cal.App.3d at p. 712, and cases cited therein).

the legal definition of 'good faith' is the equitable principle of fairness." (*Carroll v. State of California* (1990) 217 Cal.App.3d 134, 141 [265 Cal.Rptr. 753].)

In contrast, "[r]easonable cause is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action. Once what the plaintiff (or his or her attorney) knew has been determined, or found to be undisputed, it is for the court to decide ' "whether any reasonable attorney would have thought the claim tenable. . . ." ' " (*Knight, supra,* 4 Cal.App.4th at p. 932, italics omitted.) Thus, it is the filing and maintaining a claim without reasonable cause that courts have interpreted as requiring an objective test.

The Legislature notably omitted any language in Civil Code section 1780, subdivision (d) that indicates attorney fees can be imposed upon a plaintiff prosecuting a CLRA claim solely on a finding that the prosecution was "frivolous" or without "reasonable cause." Rather, the Legislature limited the award to the defendant in CRLA actions to a determination that "the plaintiff's prosecution of the actions was not in good faith." (Civ. Code, § 1780, subd. (d).) Courts have uniformly constructed this language as requiring a subjective test. Moreover, we note that this construction comports most closely with the apparent intent of the Legislature. Civil Code section 1760 provides: "This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Accordingly, the statute is to be interpreted to encourage such prosecutions. The definition urged by Hayward Dodge and supported by no authority would chill such lawsuits.

 We hold that the trial court correctly interpreted subdivision (d) of section 1780 of the Civil Code as requiring a finding of subjective bad faith.

## II. *Burden of Proof*

Hayward Dodge maintains that the trial court erred when it interpreted Civil Code section 1780, subdivision (d) as placing the burden of proof on it. Hayward Dodge argues that by using the language that "fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith" (Civ. Code, § 1780, subd. (d)), the Legislature has placed the burden of proof on the plaintiff.

■ Hayward Dodge asserts that we should be guided by the interpretation of Code of Civil Procedure section 708.180, which courts have interpreted as placing the burden of proving "good faith" on the party whose good faith is being questioned. (*Evans v. Paye* (1995) 32 Cal.App.4th 265, 282 [37 Cal.Rptr.2d 915].) However, Hayward Dodge's reliance on Code of Civil Procedure section 708.180 is unavailing. This statute does not involve imposing sanctions or costs on a party for pursuing an action not in good faith. Rather, this statute concerns the court's determination of interests in property when a third person claims an interest in property adverse to the judgment debtor or denies the debt. (*Id.,* subd. (a).) The statute specifies that the court cannot make this determination of interests in property if a number of conditions are satisfied *and* the third person makes the claim in good faith. (*Id.,* subd. (b).) The purpose of this statute is to give relief to a judgment creditor when a third person's claim to property of the judgment debtor is made in bad faith. (*Evans v. Paye, supra,* at p. 278.) "Thus, the statute contemplates that the third person has the burden to prove his or her denial of a debt was made in good faith. (Evid. Code, § 500 ['Except as otherwise provided by law, a party has the burden of proof as to each fact the existence . . . of which is essential to the claim for relief . . . that he is asserting.'].)" (*Evans, supra,* at pp. 281–282.)

The court in *Evans v. Paye* distinguishes Code of Civil Procedure section 708.180 from good faith pretrial settlements under Code of Civil Procedure section 877.6, subdivision (d). (*Evans v. Paye, supra,* 32 Cal.App.4th at p. 282, fn. 16.) Code of Civil Procedure section 877.6, subdivision (d) expressly provides that "[t]he party asserting the lack of good faith should have the burden of proof on that issue." Although Civil Code section 1780, subdivision (d), unlike Code of Civil Procedure section 877.6, subdivision (d), does not expressly provide for the burden of proof, the situation here resembles that in section 877.6 because in both situations the statute does not place the burden on the plaintiff to establish good faith or, as in the situation of Code of Civil Procedure section 708.180, to prove that a denial is made in good faith. Thus, we are not persuaded that the burden of proof that applies in section 708.180 has any relevance to the interpretation of burden of proof for an award of attorney fees under the CRLA.

Hayward Dodge also contends that this situation falls into the exception of the usual rule of placing the burden of proof on the moving party (Evid. Code, § 500). An exception to the general rule applies where " 'the evidence necessary to establish a fact essential to a claim lies peculiarly within the knowledge and competence of one of the parties, that party has the burden of going forward with the evidence on the issue although it is not the party

asserting the claim.' " (*Sanchez v. Unemployment Ins. Appeals Bd.* (1977) 20 Cal.3d 55, 71 [141 Cal.Rptr. 146, 569 P.2d 740] [once claimant shows availability for suitable work, burden of proof on issue whether person is available to " 'substantial field of employment' " lies with department].) " 'In determining whether the normal allocation of the burden of proof should be altered, the courts consider a number of factors: the knowledge of the parties concerning the particular fact, the availability of the evidence to the parties, the most desirable result in terms of public policy in the absence of proof of the particular fact, and the probability of the existence or nonexistence of the fact. [Citations.]' " (*Ibid.*, fn. 16.)

This is not a situation where one party has exclusive control over the evidence, such as those cases where the financial records essential to proving the contingent compensation owed are in the exclusive control of the defendant. (See, e.g., *Adams v. Murakami* (1991) 54 Cal.3d 105, 119 [284 Cal.Rptr. 318, 813 P.2d 1348]; *Thomas v. Lusk* (1994) 27 Cal.App.4th 1709, 1717 [34 Cal.Rptr.2d 265].) In contrast, evidence of an improper motive may be established by the circumstances such as evidence of personal animus or purposeful use of dilatory tactics for purpose of delay. Further, when the defense presents evidence that a tactic or action has no merit, a court has the discretion to infer the plaintiff knew it lacked merit and pursued the action for "some ulterior motive." (*Summers v. City of Cathedral City, supra,* 225 Cal.App.3d at p. 1073.) We therefore conclude that the exception to the general rule under Evidence Code section 500 does not apply here.

■ Further, Hayward Dodge points to no opinion that has shifted the burden of proof when interpreting any statutory award of attorney fees, sanctions, or costs. Courts have uniformly held that the party moving for statutory attorney fees or sanctions has the burden of proof. (See, e.g., *Weisman v. Bower* (1987) 193 Cal.App.3d 1231, 1236 [238 Cal.Rptr. 756] [sanctions under Code Civ. Proc. § 128.5 are warranted only "if the moving party meets its burden" of proof].) Hayward Dodge has also failed to point to any policy reason for creating an anomaly to the general rule regarding burden of proof for fees requested by the defendant against a plaintiff prosecuting a CLRA claim. Indeed, placing the burden of proof on the plaintiff to prove that the conduct was in good faith would be counter to the purpose of the CLRA as set forth in Civil Code section 1760.

Accordingly, we hold that the defendant moving for attorney fees under Civil Code section 1780, subdivision (d) has the burden of proof.

### III. *Discretion to Award Fees*

Hayward Dodge argues that the trial court does not have the discretion to refuse a request for fees when it finds the plaintiff's prosecution is not in good faith. It concedes that we need not reach this issue because the trial court did not assert that it was using its discretionary power to deny the fees.

This is not a situation where the trial court found that the defendant prevailed and the prosecution acted in bad faith, but still refused the defense's request for attorney fees. Rather, the trial court expressly found that Hayward Dodge did not establish that "plaintiff's prosecution of the action was not in good faith." (Civ. Code, § 1780, subd. (d).) We therefore decline to provide an advisory opinion on an issue not before this court.

### IV. *Refusal to Award Attorney Fees*

Hayward Dodge contends that the trial court erred when it refused to award it attorney fees. As discussed *ante,* the trial court applied the proper test and therefore this is not a legal question before us. Rather, on appeal from a denial of a request for attorney fees, we presume the order of the trial court is correct, and the standard of review is abuse of discretion. (See, e.g., *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1504 [29 Cal.Rptr.2d 903].) "Where the issue on appeal is whether the trial court has abused its discretion, the showing necessary to reverse the trial court is insufficient if it presents facts which merely afford an opportunity for a different opinion: 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice; . . . .' [Citation.]" (*Winick Corp. v. County Sanitation Dist. No. 2, supra,* 185 Cal.App.3d at p. 1176, italics omitted; see also *Summers v. City of Cathedral City, supra,* 225 Cal.App.3d at pp. 1070–1071, fn. 19.)

Hayward Dodge asserts that it presented evidence that Corbett knew that he received no affirmative misrepresentations. When asked at deposition what financing the dealer offered, Corbett responded: "Oh, I don't know what they said. They figured it out, they got the financing, they apparently told me about it. I guess I signed some papers or something. That's it. . . ." Corbett further elaborated: "Well, I don't know if [the dealer] offered to [arrange financing]. He just did it. Don't they just do it? You buy a car, you tell them and they do that stuff. It seems like that is how it works." Corbett stated that he did not remember what the dealer said with respect to financing; he did not remember whether he reviewed the installment agreement, but he doubted

that he did; he did not remember whether he had an understanding that the seller was going to assign the contract; and he did not remember whether he discussed the provisions of the agreement with anyone at Hayward Dodge. He also testified that no one at Hayward Dodge orally told him what the finance rate was going to be. He stated that he knew the lender was not going to be Hayward Dodge, but he could not remember whether he was told the specific finance institution.

Corbett, Hayward Dodge argues, never presented any evidence from him or other witnesses that Hayward Dodge made oral misrepresentations. Moreover, the written contracts expressly contradicted Corbett's allegations. Hayward Dodge argues that the total absence of evidence establishes that Corbett prosecuted his action "not in good faith" and in "bad faith." .

In addition, Hayward Dodge argues that Corbett's second CLRA theory that Hayward Dodge had a duty to disclose was not advanced in good faith because Corbett's own paperwork established that Hayward Dodge planned to assign the loan. Further, the federal law regulating this area, according to Hayward Dodge, prohibits any greater details about a potential assignment.[4]

▮ The trial court granted Hayward Dodge's motion for summary judgment against Corbett's fourth amended complaint and it acknowledged that Corbett's case was weak. When a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive. (*Summers v. City of Cathedral City, supra,* 225 Cal.App.3d at p. 1073.) However, it is within a court's discretion not to draw that inference if convinced the party was acting in the good faith belief the action was meritorious. (*Ibid.*)

Here, the court noted that the law in the area was changing and Corbett's theory that Hayward Dodge deceived him regarding the efforts it would make on his behalf to obtain affordable financing was weak, but not entirely without merit. Corbett's testimony does not prove that no one misrepresented the interest rate in the contract, but establishes that he could not remember whether there was a misrepresentation. Indeed, when asked whether he had any memory at that time of what the dealer said regarding financing, he stated: "No. What I remember is the paperwork. No, I don't remember. I can't say anything without really knowing, I couldn't figure maybe he did this or that. I can't say that. All I can say is I don't remember . . . ."

---

[4] Corbett disputes this claim and argues that if this claim were truly prohibited by law, it could not have withstood Hayward Dodge's demurrer.

Corbett also presented evidence from another client of Hayward Dodge. This client stated in her declaration that she was not told "what the APR would be for the financing until the end of the negotiations, when they presented the completed sales contract to me for my signature. [¶] Upon review of the sales contract I noted the finance APR was 11%." After asking the reason for the rate being so high, she was told that this was "the bank's 'best rate.' The finance manager insisted that 'this is the best rate we could get you.' "

 In any event, it is not our role to weigh this evidence. Clearly the trial court found that the evidence did not support Corbett's claims when it granted Hayward Dodge's summary judgment motion. However, the court found that the pleadings did have merit and were supported by weak evidence. It therefore concluded that there was no bad faith tactics in pursuing this action. From the record before us, we see no clear evidence of an improper motive and Hayward Dodge "points to no evidence which conclusively demonstrates [Corbett] pursued [the] action . . . in bad faith." (*Dolan v. Buena Engineers, Inc., supra,* 24 Cal.App.4th at p. 1505.) Accordingly, we must affirm the trial court.

## DISPOSITION

The judgment is affirmed. Corbett is awarded costs.

Kline, P. J., and Haerle, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 2004. George, C. J., did not participate therein.