

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG E. KLEFFMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> VONAGE HOLDINGS CORP., a New Jersey corporation; VONAGE AMERICA, INC., a wholly owned subsidiary; VONAGE MARKETING, INC., a wholly owned subsidiary, <br><br> Defendants - Appellees. | No. 07-56171 <br><br> D.C. No. CV-07-02406-GAF <br><br> MEMORANDUM∗ |
| CRAIG E. KLEFFMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> VONAGE HOLDINGS CORP., a New Jersey corporation; VONAGE AMERICA, INC., a wholly owned subsidiary; VONAGE MARKETING, INC., a wholly owned subsidiary, <br><br> Defendants - Appellants. | No. 07-56292 <br><br> D.C. No. CV-07-02406-GAF |

∗ This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted December 10, 2008[**]
Pasadena, California

Before: SILVERMAN and BERZON,[***] Circuit Judges, and CONLON,[****] District Judge.

Craig E. Kleffman appeals dismissal of his putative class action for violation of California's anti-spam law, Cal. Bus. & Prof. Code § 17529.5(a)(2), against Vonage Holdings Corp., Vonage America, Inc., and Vonage Marketing, Inc. ("Vonage"), and denial of leave to amend his complaint to add an unfair competition claim for injunctive relief under Cal. Bus. & Prof. Code § 17203. Vonage cross-appeals denial of its motion for attorneys' fees under the California Consumers Legal Remedies Act ("Consumers Act"), Cal. Civ. Code § 1780(d) (now § 1780(e)). We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] This case was submitted to a panel that included Judge Brunetti, who recently passed away. Judge Berzon was drawn by lot to replace Judge Brunetti. Judge Berzon has read the briefs and reviewed the record.

[****] The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

We review dismissal of Kleffman's complaint *de novo*. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Denial of leave to amend the complaint and denial of Vonage's request for attorneys' fees are reviewed for abuse of discretion. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691 (9th Cir. 1993). We affirm.

Kleffman alleged Vonage violated § 17529.5(a)(2) by sending him eleven unsolicited e-mail advertisements for its broadband telephone services from eleven different domain names to bypass spam filters. The anti-spam law prohibits e-mail advertisements containing or accompanied by falsified, misrepresented, or forged header information. Cal. Bus. & Prof. Code § 17529.5(a)(2). In light of California's anti-spam law's recent enactment, the lack of interpretive authority, the likelihood the issue would recur, and the dispositive nature of the issue, we requested the California Supreme Court to answer the following certified question: Does sending unsolicited commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters constitute falsified, misrepresented, or forged header information under Cal. Bus. & Prof. Code § 17529.5(a)(2)?

The California Supreme Court accepted the certified question and unanimously held that Vonage's alleged conduct did not violate § 17529.5(a)(2).

3

*Kleffman v. Vonage Holdings Corp.*, No. S169195, 2010 WL 2471753 (Cal. June 21, 2010). It is undisputed that Vonage's domain names are part of the e-mails' header information, actually exist, and are technically accurate, literally correct, and fully traceable to Vonage's marketing agents. The only dispute is whether Vonage's e-mails contain or are accompanied by *misrepresented* header information. *Id.* at *2. The California Supreme Court held that an e-mail with an accurate and traceable domain name does not misrepresent header information under § 17529.5(a)(2) because it makes no false representation of fact. *Kleffman*, 2010 WL 2471753, at *3-4. The court rejected Kleffman's attempt to define misrepresented header information to include misleading header information because the legislative history does not support Kleffman's expansive construction of the statute. *Id.* at *5-6.

The California Supreme Court has now definitively decided the controlling issue of state law that was before us. Accordingly, dismissal of Kleffman's complaint and denial of leave to amend his § 17529.5(a)(2) claim are affirmed. We need not address whether the Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act of 2003, 15 U.S.C. § 7707(b)(1), preempts § 17529.5(a)(2).

The district court did not abuse its discretion in denying Kleffman leave to

4

amend his complaint to add an unfair competition claim for injunctive relief under Cal. Bus. & Prof. Code §§ 17203, 17204. Amendment would be futile. Kleffman lacks standing to bring the claim because he alleges no deprivation of money or property as a result of Vonage's conduct. *Id.*

The district court did not abuse its discretion in denying Vonage attorneys' fees incurred in obtaining dismissal of the Consumers Act claim. That claim was dismissed because Kleffman is not a consumer under the statute. To the contrary, he alleged he and the putative class members neither sought nor acquired any goods or services offered by Vonage. Cal. Civ. Code § 1761(d). Vonage is not entitled to attorneys' fees because it failed to establish that Kleffman prosecuted this case in subjective bad faith. *Id.* § 1780(d); *Corbett v. Hayward Dodge, Inc.*, 14 Cal. Rptr. 3d 741, 747-49 (Cal. Ct. App. 2004).

**AFFIRMED.**

5