Filed 8/25/23  Environmental Logistics v. Tabush CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

# DIVISION ONE

# STATE OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENTAL LOGISTICS, INC., et al., | D080516 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. CIVD S1600695) |
| MICHAEL TABUSH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, David S. Cohn, Judge.  Affirmed.

Disenhouse Law, Bruce E. Disenhouse and Gary O. Poteet, Jr., for Defendant and Appellant.

Fennemore and Kevin Abbott for Plaintiffs and Respondents.

A trial court has discretion to award reasonable attorney fees and costs to a prevailing defendant when a plaintiff's claim of misappropriation of trade

secrets is made in "bad faith." (Civ. Code, § 3426.4.)[1] Defendant Michael Tabush prevailed at trial in an action filed by plaintiffs Environmental Logistics, Inc., Filter Recycling Services, Inc., and Variety Employment Corporation (collectively, Plaintiffs) that included a misappropriation claim.[2] Tabush timely filed his attorney fees motion under section 3426.4, but inadvertently failed to timely serve it including on Plaintiffs. Without waiving any rights to challenge the motion, the parties stipulated to a continuance of the motion hearing. Unaware of the continuance, the trial court issued a tentative to deny the motion, finding Tabush failed to provide any information—including attorney billing records or summaries—to support his fee claim. At the continued hearing, the court refused to consider more than 30 pages of billing records Tabush unilaterally submitted after the tentative. It then denied the motion and in so doing, declined to reach the issue of whether Plaintiffs' misappropriation claim was made in "bad faith."

On appeal, Tabush contends he is entitled to a fee award under section 3426.4. He thus seeks reversal of the order denying his motion, and a remand to allow the trial court to make such an award, including based on the billing records he submitted after his original motion.

As we explain, we conclude the trial court properly exercised its broad discretion when it denied Tabush's fee request. The record shows Tabush failed to submit substantial evidence in support of that request, thus preventing the court from determining whether the fees sought were reasonable. We also conclude the court did not abuse its discretion when it

---

[1]    Unless otherwise noted, all further statutory references are to the Civil Code.

[2]    Plaintiffs have separately appealed the judgment following nonsuit. (See *Environmental Logistics Inc. et al. v. Hayward et al.*, D080515.)

refused to consider the supplemental billing records Tabush unilaterally submitted after the tentative. Affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

We set forth in some detail the chronology that led up to the trial court's denial of Tabush's motion, as it is key to the resolution of this case.

Briefly, Plaintiffs are involved in the waste management business. Tabush is a former employee of Variety Employment Corporation. Plaintiffs sued Tabush and several other defendants in 2016, asserting multiple causes of action including for misappropriation of trade secrets. The case proceeded to trial in June 2021, and ended in a nonsuit in favor of the defendants, including Tabush.

### *Request for Attorney Fees*

On October 1, 2021, Tabush timely filed his fees motion under section 3426.4 (Motion).[3] The hearing on Tabush's Motion was originally set for December 14, 2021.

In support of the Motion, Tabush's attorney Gary O. Poteet, Jr., declared: "I have reviewed the time recorded and billed by the members of our office concerning the work performed in this matter. In defending this lawsuit: [¶] (a) 698.57 hours of attorney time have been recorded and billed; and [¶] (b) 90.17 hours of paralegal time have been recorded and billed. [¶] . . . At the reasonable rate of $250.00 per hour for attorney time, with 698.57 hours of attorney time recorded and billed, the attorney time totals $174,642.50. [¶] . . . At the reasonable rate of $150.00 per hour for paralegal time, with 90.17 hours of paralegal time recorded and billed, the paralegal

---

[3] Section 3426.4 provides in part: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party." (§ 3426.4.)

time totals $13,525.50.  [¶]  . . .  The grand total amount of requested attorney fees amounts to $188,168.00."  Tabush did not include any attorney time records, billing summaries, or any other documentation or information in support of the Motion.

Three other defendants in the case also sought attorney fees under section 3426.4:  Robert Hayward, a former employee of Variety Employment Corporation, his wife Carole Suzette Hayward, and his company HEC, Inc. (collectively Hayward).  The hearing on Hayward's motion was set for December 15.

### *Stipulation*

On November 23, attorney Poteet discovered his office had inadvertently failed to serve the Motion.  The following day, Tabush executed service, along with a proposed stipulation to Plaintiffs to continue the hearing.  On December 1, Tabush and Plaintiffs signed the stipulation, which among other terms:  (1) provided for a continuance of the Motion to no sooner than January 12, 2022; and (2) reserved "all rights and arguments" of Plaintiffs to oppose the Motion, including "concerning the timeliness of the motion[ ]" (Stipulation).  Tabush that same day filed the Stipulation and served it on all parties.

### *The Court's Tentative to Deny the Motion*

Unaware of the Stipulation and despite the lack of an opposition by Plaintiffs, the trial court on December 13 issued a tentative for what it believed was the hearing calendared for the following day.  Although it noted an award of fees under section 3426.4 was "discretionary," the tentative did not address Plaintiffs' purported "bad faith."  Instead, the tentative was to deny the Motion because Tabush "provided *no information whatsoever* about what was actually done" by his attorneys, including submitting "billing

4

records or summaries" of their work. Without such information, there was no "basis to determine whether the fees 'recorded and billed' were necessary and appropriate"; and to find otherwise would require the court to "speculate, which it cannot do."

Tabush's counsel personally appeared at the December 14 hearing, while Plaintiffs' counsel appeared remotely. During a recess (and despite the issuance of its tentative), the trial court signed the parties' Stipulation and continued the Motion hearing to January 14, 2022, which date was ultimately changed to January 20.

On December 15, the trial court issued a tentative granting the attorney fees motion of Hayward, based on its finding Plaintiffs' misappropriation of trade secrets claim was made in "bad faith." The court subsequently confirmed its tentative in favor of Hayward.[4]

### Tabush's Addendum and Refiling of his Motion

Without a court order, Tabush on December 17 filed an "Addendum" to his Motion, which included about 30 pages of detailed billing records from his attorneys dating back to March 2016. In support, attorney Poteet submitted a declaration under penalty of perjury stating the 30-page printout had been "inadvertently omitted from the original filing of this motion."

On December 28, Tabush filed a motion for extension to (re)file and (re)serve his Motion (Extension Motion). The Extension Motion was set for hearing on March 15, 2022, after the continued fees Motion. Tabush's Extension Motion was based in part on Code of Civil Procedure section 473, and the declarations of attorney Poteet and a paralegal from his office. Tabush claimed the Extension Motion was necessary because, despite what

---

4      Plaintiffs have also appealed from this postjudgment order in case No. D080515.

he contended was a lack of prejudice to Plaintiffs, they were unwilling to stipulate to relief from his counsel's "mistake," "inadvertence," or "excusable neglect" in failing to timely serve the Motion.

Two days later, Tabush filed an ex parte application seeking an order shortening time on his Extension Motion. Tabush contended the Extension Motion would become "moot" if it was heard after his fees Motion. The application was eventually calendared for the same date as the continued fees Motion.

### *Opposition and Reply*

Plaintiffs filed their opposition to the fees Motion on January 4, 2022. In support, they argued that Tabush failed to include the necessary information in his original Motion to show the legal work performed by his counsel was "necessary and appropriate," as stated in the December 13 tentative; and that he also failed to timely serve it.

Regarding the latter point, Plaintiffs accused Tabush's counsel of "gamesmanship," noting attorney Poteet in support of the Addendum claimed to have "inadvertently" omitted his office's billing statements from the original Motion, which Plaintiffs noted was "[c]onveniently" the *same information* the court found "missing" in its December 13 tentative. Plaintiffs thus argued the Motion should be denied because Tabush "took advantage of the (serendipitous, [as] it turns out[,]) lack of timely service, which led to the continuance of the hearing and a second chance at getting the motion right."

Tabush filed his reply on January 18. He claimed Plaintiffs had failed to serve him with the opposition, which led to his notice of nonopposition filed on January 14. He further claimed he had "done everything possible to have this Motion for Attorney Fees be timely and proper[ly] before the court," and

6

that "[c]ircumstances beyond [his] control have made this difficult." He also claimed the original Motion was sufficient without the additional billing records, which he now claimed to have submitted "in an abundance of caution" "to address the court's concern."

### *Denial of the Fees Motion*

At the January 20 hearing, the trial court reviewed the chronology of events leading up to the hearing. Tabush asked the court to grant his ex parte application to shorten time for a hearing on his Extension Motion, or set it for hearing to allow Plaintiffs to respond; and to continue the fees Motion either to the same time or to a date after the Extension Motion "so everything is chronologically in place[.]" Plaintiffs argued the court should deny the Motion for the reasons it gave in its December 13 tentative. The court replied, "Okay. So it sounds like we dive directly into the motion itself"; adding it would "grant the application to have everything heard today on the merits so we're done with this."

The trial court next addressed the Addendum. It agreed with Plaintiffs that Tabush had filed the billing records "only after the Court [had] issued a tentative ruling"; that Tabush's counsel had "had an opportunity to review that tentative ruling and make adjustments to the motion, which really isn't proper"; that the information in the Addendum "should have been part of the original motion"; and therefore, that it was inclined to deny the Motion "simply on the same grounds that the original tentative was issued."

Tabush argued that it was "quite disturbing that the Court would deny a motion because work-product doctrine and attorney[-]client privilege was not violated"; that the information in attorney Poteet's original declaration was legally sufficient to support an award; and that, because Plaintiffs did not object to the amount of the award, there was no reason for the court to

7

"second-guess" the parties and independently question the amount of fees sought.

Plaintiffs responded there were a variety of ways to protect confidential attorney-client information in billing records including redacting the protected information, filing the records under seal, or filing an attorney declaration setting forth in some detail the work done, who did it and when, and the time it took to complete. They argued Tabush's Motion was deficient because it merely set out the hours worked by the attorneys and the paralegals without any additional information.

Despite spending "20 years on the bench" and the "equivalent amount of time in the practice of law before that," the trial judge acknowledged he was unable to determine whether the fees sought by Tabush were reasonable in this "complicated trade secrets case." After additional argument, the court took the matter under submission. Later that day, the court adopted its December 13 tentative and denied Tabush's Motion.

## DISCUSSION

Tabush initially contends he is entitled to a fee award under section 3426.4 based on Plaintiffs' "bad faith" in making a claim for misappropriation of trade secrets. However, the trial court never reached this issue. Instead, the court denied Tabush's Motion because it was devoid of any information showing the attorney work done, when it was done, or any other details, thus preventing the court from determining whether the fees billed were "necessary and appropriate." Because we conclude the court properly exercised its discretion in refusing to award fees based on the lack of information in Tabush's Motion, we too deem it unnecessary to decide in this appeal whether Plaintiffs acted in "bad faith."

## A. *Guiding Principles*

We generally review issues regarding attorney fees for abuse of discretion, and a trial court's decision will only be disturbed when there is no substantial evidence to support its findings or when there has been a miscarriage of justice. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 882; accord, *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM Group*) [a trial court has "broad authority and wide discretion" in determining whether fees sought by a prevailing party are "reasonable"]; *Crevolin v. Crevolin* (1963) 217 Cal.App.2d 565, 572 ["In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered."].)

On appeal, Tabush bears the burden of establishing an abuse of discretion by the trial court. (See *In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 114, disapproved on another ground as stated in *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 453; accord, *Corbett v. Hayward Dodge, Inc.* (2004) 119 Cal.App.4th 915, 926 [a party moving for statutory attorney fees bears the burden of proof].)

## B. *The Trial Court Did Not Abuse Its Discretion in Refusing to Award Fees*

### 1. Lack of Substantial Evidence

Here, Tabush supported his Motion with a single declaration from attorney Poteet. In that declaration made under penalty of perjury, Poteet stated *he* reviewed the billing records of the attorneys and paralegals in his office, which as noted dates back to 2016, and that *he* determined the rates charged and work done were reasonable. Tabush requested a "grand total" of $188,168 in fees. Attorney Poteet's declaration, however, did not give the *trial court* the opportunity to review the billing records and determine for

itself that the work done was reasonable.  Tabush nonetheless contends Poteet's declaration "attesting to the time and costs is sufficient to support an attorney award."  In support, Tabush cites to *Weber v. Langholz* (1995) 39 Cal.App.4th 1578 (*Weber*).  However, *Weber* actually supports denial of an award in the instant case.

In *Weber*, the defendants' attorney submitted a declaration under penalty of perjury in support of a fee award based on the parties' contractual agreement.  The declaration included the rates charged, the fees incurred, *and* the "work done" on behalf of the defendants.  (*Weber, supra*, 39 Cal.App.4th at pp. 1586-1587.)  The plaintiff on appeal argued the trial court erred in awarding fees because defendants had not attached attorney "time records" or "billing statements" to establish the " 'reasonableness' " of their fee claim.  (*Id.* at p. 1586.)

In affirming the award, *Weber* concluded the declaration of defendants' attorney contained enough detail—including the "work done"—to support the trial court's reasonableness finding.  (*Weber, supra*, 39 Cal.App.4th at p. 1587.)  The Court of Appeal therefore refused to "reweigh the evidence" (*ibid.*); recognized the "trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration" (*ibid.*); but cautioned that, while the attorney's declaration contained sufficient information, a "fee request ordinarily should be documented in *great detail*" (*ibid.*, italics added).

Unlike the attorney's declaration in *Weber*, which included substantial evidence of the "work done," here, as the trial court correctly found, there is no such evidence.  (See *Weber, supra*, 39 Cal.App.4th at p. 1587.)  Instead, attorney Poteet merely added up the number of hours worked by the attorneys and paralegals in his law firm, and multiplied those hours by the

firm's (flat) billing rates, arriving at a "grand total." Poteet's declaration did not mention what work was performed, who performed it, when it was performed, or any other details to support Tabush's fee claim.

We do not fault the trial court for declining to award Tabush fees when he failed to provide substantial evidence in support, thereby preventing the court from determining whether, in this "complicated trade secrets case," his fee request was "reasonable." (See *PLCM Group*, *supra*, 22 Cal.4th at p. 1095; *Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623 ["It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court"].)

## 2. No Abuse of Discretion in Refusing to Consider the Billing Records Submitted with the Addendum

There is no dispute that Tabush timely filed his Motion but failed to timely serve it on Plaintiffs. Tabush nonetheless contends Plaintiffs suffered no prejudice as a result; and therefore, that the trial court abused its discretion when it refused to consider the supplemental billing records he submitted after the court's tentative. We disagree.

It would be one thing if Tabush had merely sought a continuance of the hearing due to his counsel's failure to timely serve the Motion. But that's not what happened in this case. Rather, Tabush took *advantage* of his counsel's untimely service by filing the Addendum a few days after the tentative, which included *30 pages* of detailed attorney billing records in support of his fee claim. Tabush's counsel swore under penalty of perjury that these records had been "inadvertently omitted" from the original Motion, despite the fact there was no mention of any billing records or similar documentation in that Motion, including in attorney Poteet's declaration in support.

In refusing to award fees, the trial judge in this case—with 20 years of experience on the bench and 20 more in the practice of law—properly

11

exercised his broad authority in finding Tabush's attempt to make post-filing "adjustments" to the Motion "[im]proper." (See *Serrano v. Priest* (1977) 20 Cal.3d 25, 49 ["The 'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong' "]; accord, *Harman v. City and County of San Francisco* (2007) 158 Cal.App.4th 407, 428 [" 'The abuse-of-discretion standard requires us to uphold a ruling which a reasonable judge might have made, even though we [might] not have ruled the same and a contrary ruling would also be sustainable. We cannot substitute our own judgment' "].) In light of the standard of review and the unusual circumstances that led to the additional filing of the billing records, we cannot say the trial court was " 'clearly wrong' " in refusing to consider those records and denying the Motion. (See *Serrano*, at p. 49.)

Tabush also contends it was the trial court's responsibility to reach out to him and request the "missing" information before denying the Motion. We again disagree.

The law is well-settled that while a fee request does not require mathematical precision, it "ordinarily should be documented in *great detail*." (*Weber*, *supra*, 39 Cal.App.4th at p. 1587, italics added). As we have noted, a request for fees must be accompanied by substantial evidence to support a finding the fees charged were "reasonable," which ostensibly would include such details as the rates charged and the work done, including who did it and when, and the time it took to complete.

Here, as we have found, Tabush did not include substantial evidence to show the work done on his behalf was "necessary and appropriate." It was not the court's burden to ensure his Motion was properly supported by such

12

evidence, just as it was not the court's burden to ensure it was timely filed and properly served.  We decline to adopt a rule that would further burden the trial courts, with the concomitant waste of precious judicial resources, by holding in this case that the trial court was *required* to "first request [the missing] information," as Tabush posits, before denying his Motion.

## DISPOSITION

The January 20, 2022 order denying Tabush's fees claim is affirmed.  In the interest of justice, the parties are to bear their own costs of appeal.  (See Cal. Rules of Court, rule 8.278(a)(5).)


McCONNELL, P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.